## No. A-CV-13-84

## Court of Appeals of the Navajo Nation

Marshall Tome, *Appellant*,

vs.

The Navajo Nation, *et. al., Appellee.*

Decided September 18, 1984

## OPINION

*Raymond Tso, Esquire, Crownpoint, Navajo Nation (NM) and Michael L. Danoff, Esquire, of Albuquerque, New Mexico for Appellant, Eric D. Eberhard, Esquire, and Irene Toledo, Esquire, Window Rock, Navajo Nation (AZ) for the Appellees.*

On April 3, 1984, the Trial Court at Window Rock entered an Opinion and Order whereby the action in the Trial Court was dismissed with prejudice.

On May 1, 1984, appellant (plaintiff below) filed a Notice of Appeal. Along with the Notice, appellant filed a Designation of Record, a certified copy of the Trial Court's Order denying plaintiff's Motion for Reconsideration and a Brief on Appeal which contained an attachment marked as Exhibit "A."

On May 22, 1984, the Court of Appeals denied and dismissed the appeal on the basis that a certified copy of the Opinion and Order of the Trial Court entered on April 3, 1984, had not been filed as required by Rule 2 of the Rules of Appellate Procedure.

On May 25, 1984, appellant filed a Motion to Reconsider Dismissal of Appeal. On June 25, 1984, a hearing on the Motion for Reconsideration was had before a three judge panel pursuant to Rule 12 of the Rules of Appellate Procedure. The parties filed briefs and both sides were represented by counsel at the hearing.

Upon consideration of the briefs, the arguments, and the Court's file in

this matter, the Court finds that appellant has failed to show sufficient grounds for the appeal to be reinstated and the Court's original order denying and dismissing the appeal is affirmed.

Rule 2 of the Rules of Civil Procedure states that an appeal is originated or begun by the payment of the filing fee and the filing of certain documents, one of those being a certified copy of the judgment or order being appealed.

There are a number of cases from the Navajo Court of Appeals in which the appeal was denied for failure to file a certified copy of the order or judgment being appealed. These cases are contained in the Navajo Reporter and will not be cited here. The Court would like, however, to direct the attention of the parties to the case of *Navajo Nation v. Keeswood*, 2 Nav. R. 115 (1979), as particularly illustrative of the adherence that will be given to the Rules of Appellate Procedure. In that case appellant had failed to serve appellees by personal service or certified mail as required by Rule 6 of the Rules of Appellate Procedure. The appeal was dismissed for failure to properly serve appellees even though they had received a copy of the Notice of Appeal by regular mail and therefore had actual notice of the appeal.

In the instant case the appeal was never properly begun because the appellant failed to comply with the requirements for originating an appeal.

Appellant contends that because the Clerk of the Court of Appeals accepted the filing fee and the documents presented that any defects were somehow waived. Appellant also alleges that the clerk told him in a subsequent conversation that everything was in order. The Court hopes the following remarks will dispose of the necessity of having to address these or similar contentions in the future.

The acceptance by a court of papers for filing is a clerical act. It provides a uniform and systematic method for parties to present pleadings to the court. It does not confer jurisdiction, remedy defects in pleadings, or waive any legal or procedural requirements.

Further, the clerk of any court will not be held to a higher standard of legal knowledge or skill than those admitted to practice before the courts. It is the duty of those who undertake to represent a party to make certain that pleadings are properly filed. In this case the Clerk was presented with a certified copy of an order. She had no duty to inquire whether it was the correct order. Even had no order at all been presented, the acceptance of the Notice of Appeal would not have waived the requirement that a certified copy of the order or judgment being appealed be attached. Rule 2(b) of the Rules of Appellate Procedure states:

The Clerk shall not accept any appeal for filing and no appeal shall be considered filed until the fee has been paid and a copy of the final judgment has been attached.

This provision gives the Clerk the authority to reject documents unless certain provisions are met. It neither gives the Clerk the authority to waive any requirements nor requires the Clerk to have the legal knowledge or expertise to make determinations regarding documents beyond determining that the format is proper. Further, Rule 2(b) states that an appeal will not be considered filed until the copy of the final judgment has been attached. The determination is for the Court, not the Clerk.

The acceptance of a document for filing confers no right beyond notation of the filing date and presentation of the papers to the Court. It is the responsibility of the parties and their representatives to comply with proper procedural and legal requirements. It is the responsibility of the Court to determine the nature and sufficiency of that compliance.

Therefore, it is ORDERED that the Order of denial and dismissal of the Court of Appeals be and hereby is AFFIRMED.